UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSICA COOKE,

           Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS and BORDER PATROL AGENCEY, CHAD KENNA individually and in his official capacity as U.S. Customs and Border agent, NICOLE MARTIN individually and in her official capacity as U.S. Customs and Border agent and JOHN DOE and JANE DOE, fictitious names intended to represent the names of one or more U.S. Customs and Border agents of the U.S. DEPARTMENT OF HOMELAND SECURITY whose identities are as yet unknown,

           Defendants.

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

8:17-cv-224 (GTS/DJS)

---

Plaintiff, by and through her attorneys, Stephen L. Lockwood, P.C., for her Complaint in the above entitled matter, alleges and sets forth the following:

## JURISDICTION AND VENUE

1. This civil rights action is brought in part pursuant to 42 U.S.C. Sections, 1983, 1985 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. This action is for money damages to redress the deprivation by Defendants of rights secured to Plaintiff by the Constitution and laws of the United States and State of New York, including excessive force and failure to intervene, and institutional liability due to violations of Monell v. Dept. of Social Services 436 U.S. 658 (1978) Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 and 1367(a), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to herein decide claims arising under New York state law including claims for negligence, assault and battery.

2. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) excluding interest and costs and/or otherwise is within the jurisdiction of this Court.

3. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events that gave rise to Plaintiff's claims took place in the Northern District of New York.

## PARTIES

1

4. Plaintiff, Jessica Cooke, is and was at all times relevant to this Complaint, a citizen of Ogdensburg, New York, County of St. Lawrence, State of New York, and United States of America.

5. Defendant(s), Chad Kenna, Nichole Martin, John Doe and Jane Doe, at all times relevant to this Complaint, were employed as border patrol officer of the United States Department of Homeland Security, and are sued in their individual and official capacity.

6. Defendant, United States Department of Homeland Security, is an agency set up and maintained, organized and existing under the laws of the United States of America. At all times relevant hereto, the Department employed the hereinbefore named individual Defendants as border patrol officers stationed in the subject vicinity where the incident complained of occurred.

7. Defendant(s), United States Department of Homeland Security is organized and existing under the laws of the United States of America and is situated in the District of Columbia and other offices across the United States, to wit; St. Lawrence County where the subject incident took place. Said department, at all times relevant hereto, and employed the hereinbefore named individual Defendants as border patrol officers.

8. During all times mentioned in this Complaint, Defendants, Chad Kenna, Nichole Martin and John Doe and Jane Doe, were acting within the scope of their employment and under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States, State of New York, County of St. Lawrence.

9. At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

## FACTS

10. Plaintiff repeats, reiterates, and realleges each and every allegation heretofore set forth in paragraphs numbered "1" through "9" with the same force and effect as if the same were fully set forth hereinafter.

11. On or about May 7, 2015, in the late afternoon hours, Plaintiff was driving/operating her motor vehicle on Route 37 in abovementioned area of St. Lawrence County.

12. A checkpoint was maintained and operated by the U.S. Customs and Border protection agency, hereinafter referred to as CBP, at the subject location. As the Plaintiff approached the checkpoint, a female CBP officer, Defendant Nichole Martin, approached Plaintiff's vehicle and demanded said Plaintiff to provide the officer with her identification card.

13. Said Officer then began a conversation with the Plaintiff, wherein agent Martin stated to Plaintiff that her dog was "cute". Upon information and belief, agent Martin then stated to the Plaintiff that she seemed "nervous."

14. Plaintiff, following all of the CBP officer's directive, provided the officer with the requested identification. Upon agent Martin receiving Plaintiff's I.D., said agent then demanded that the Plaintiff exit her vehicle and open her trunk in order to look inside the same.

15. Plaintiff, who is aware of her rights as a citizen of the United States under the United States Constitution, refused to let the agent conduct a search on her vehicle for lack of probable cause.

16. That subsequently, agent Martin directed the Plaintiff to pull her vehicle over to the side of the road. Plaintiff complied with agent Martin's request and then exited her vehicle once pulled over on the side of the road.

17. That the Plaintiff continued to inquire as to the probable cause said agents had to pull her vehicle over and search the same, in which time, the Plaintiff attempted to explain to agent Martin that the only reason provided to Plaintiff for the stop and search of her vehicle was the fact that said Plaintiff was acting/looking "nervous", in which agent Martin acknowledged in the positive.

18. After numerous attempts by the Plaintiff to ascertain why she was being held/detained absent probable cause, CBP agent Martin explained that she was awaiting the arrival of a canine officer to conduct a search on Plaintiff's vehicle. Plaintiff never consented to having her vehicle searched.

19. Shortly after, a male CBP agent, Defendant Chad Kenna, arrived on the scene and Plaintiff began to inquire of him as to what was the nature of the subject traffic stop. The male CBP agent began to become upset and was approximately 3 to 4 inches away from the Plaintiff's face making threats and having Plaintiff feel extremely frightened and emotionally distressed.

20. Subsequently, agent Kenna then violently and forcibly assaulted the Plaintiff and shoved her into

3

the side of her car and then threw her violently to the ground without just cause or reason and/or legal authority.

21. As the Plaintiff was being forcibly held on the ground by agent Kenna, agent Martin, without just cause and upon information and belief, in contrary to the policies and procedures of the Customs and Border Patrol agent Martin, violently and repeatedly tased the Plaintiff with her taser gun, causing Plaintiff to suffer severe physical and emotional pain and injury.

22. Once the Plaintiff was able to get up and stand after the violent assault by agents Martin and Kenna, Plaintiff was then handcuffed and placed in a patrol car awaiting the canine unit. At this point Plaintiff was not charged with any crime or read her Miranda rights.

23. Upon the arrival of the canine unit, a search was conducted of the Plaintiff's vehicle, wherein no illegal substance, contraband, drugs or any other illegal items were found. Plaintiff was then for punishment, transported to the CBP headquarters located in Ogdensberg, New York, where she was forced against her will, to be placed in a holding cell for approximately (4) four hours and then released. Plaintiff was *never* charged with a crime, or even a traffic violation for the subject incident and was released.

24. That Plaintiff's counsel has repeatedly requested that the Defendants, U.S. Department of Homeland Security, release, upon Plaintiff's written consent, the investigate report and any and all information regarding this subject incident. Said Department has failed to respond to Plaintiff's written request.

25. As a result of the subject CBP agents' aforementioned illegal and excessive action, Plaintiff was forced to suffer severe injuries, including but not limited to the following:

(1.) Back injury;

(2). Neck injury;

(3.) Injuries to both wrists;

(4.) Injuries to both shoulders;

(5.) Plaintiff has been subjected to humiliation, indignity and shame;

(6.) Plaintiff has been caused to suffer emotional distress and mental anxiety;

(7.) Plaintiff has suffered deprivation of her liberty, invasion of her privacy and physical and mental suffering, all in violation of her civil, human and Constitutional rights; and

(8.) Plaintiff has been caused to incur medical expenses.

## AS AND FOR A FIRST CAUSE OF ACTION - FEDERAL

*(Excessive Force, 42. U.S.C. § 1983)*

26. The allegations in Paragraphs "1" through "25" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

27. The acts and conduct of the Defendants enumerated hereinabove constitute excessive force and constitute a violation of the Plaintiff's right to privacy and right to be let alone, all in violation of the rights of Plaintiff, pursuant to 42. U.S.C. §§ 1981, 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A SECOND CAUSE OF ACTION - FEDERAL

*(Failure to Intervene, 42 U.S.C. § 1983)*

28. The allegations in Paragraphs "1" through "27" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

29. The acts and conduct of the Defendants enumerated hereinabove constitute a failure to intervene in the violation of the rights of Plaintiff, pursuant to 42. U.S.C. §§ 1983, 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## AS AND FOR A THIRD CAUSE OF ACTION - NEW YORK STATE

*(Assault and Battery)*

30. The allegations in Paragraphs "1" through "29" above are incorporated by reference with the same force and effect as if the same were fully set forth herein.

31. Defendants' violent acts committed against Plaintiff amounted to a series of events creating a reasonable apprehension in the Plaintiff of immediate harmful or offensive contact to the Plaintiff's person, all of which were done intentionally by Defendant without the Plaintiff's consent.

32. Defendant's violent acts committed against the Plaintiff further amounted to a series of harmful and offensive contacts to the Plaintiff's person all of which were done intentionally by Defendant without the Plaintiff's consent.

33. As a direct and proximate result of the aforementioned assault and battery, the Plaintiff sustained in the past and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, humiliation, indignity and shame.

34. The foregoing actions by Defendants constitute the separate and distinct torts of assault and battery under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate said state claims.

## AS AND FOR A FOURTH CAUSE OF ACTION

*(Monell Claim/United States Customs and Border Patrol Agency)*

35. The allegations in Paragraphs "1" through "34" are incorporated herein by reference with the same force and effect as if the same were fully set forth herein.

36. The United States Department of Homeland Security; to wit, the United States Customs and Border Patrol Agency, directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by the Plaintiff as a result of the conduct the Defendant Border Patrol agents, and constitutes a violation of the rights of Plaintiff, pursuant to Monell v. Dept. of Social Services of the City of New York, et al., 436 U.S. 658 (1976) and 42. U.S.C. §§ 1981, 1983, 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The conduct of the agents was a direct consequence of Policies and Practices of Defendants, The United States Department of Homeland Security; to wit, the United States Customs and Border Patrol Agency.

37.. At all relevant times to this Complaint Defendant agents, acting through the U.S. Customs and Border Agency, had in effect polices, practices, and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein. Said Defendants have been on notice of its officers/agents violating the constitutional rights of individuals, to wit, using tasers and employing excessive force on individuals without probable cause or legal justification and/or failing to intervene while other law enforcement officers in their presence use tasers and employ excessive force on individuals without probable cause or legal justification.

**WHEREFORE**, Plaintiff requests the following relief, joint and several, against all Defendants:

1. On all causes of action, compensatory damages in an amount to be determined at the trial of this

action;

2. Punitive damages in an amount to be determined at the trial of this action;

3. Reasonable attorneys' fees and costs;

4. An order demanding that Defendants, U.S. Department of Homeland Security release the investigative report along with any and all documentation in their possession relating to this subject complaint;

5. Such other and further relief as appears reasonable and just.

Dated: February 17, 2016

*Stephen L. Lockwood*
STEPHEN L. LOCKWOOD, P.C.

By: Stephen L. Lockwood, Esq.
Bar Roll No. 102066
Attorneys for Plaintiff
285 Genesee Street
Utica, New York 13501