UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSICA COOKE,

       Plaintiff,

v.                   8:17-CV-0224
                      (GTS/DJS)
UNITED STATES OF AMERICA,

       Defendant.
_____

APPEARANCES:              OF COUNSEL:

STEPHEN L. LOCKWOOD, P.C.       STEPHEN L. LOCKWOOD, ESQ.
 Counsel for Plaintiff
285 Genesee Street
Utica, NY 13501

HON. GRANT C. JAQUITH         KAREN F. LESPERANCE, ESQ.
Acting United States Attorney for the N.D.N.Y.  Assistant U.S. Attorney
 Counsel for Defendant
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207-2924

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this civil rights action filed by Jessica Cooke ("Plaintiff")

against the United States of America ("Defendant"), is Defendant's motion to dismiss Plaintiff's

Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

(Dkt. No. 8.) For the reasons set forth below, Defendant's motion is granted.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Claims

Generally, liberally construed, Plaintiff's Amended Complaint alleges that, during a traffic stop on or about May 7, 2015, in St. Lawrence County, New York, two U.S. Custom and Border protection ("CBP") officers, without cause, "shoved her into the side of her car," "threw her violently to the ground," and "violently and repeatedly tased the [her] with [a] taser gun, causing [her] to suffer physical and emotional pain and injury." (Dkt. No. 4 [Plf.'s Am. Compl.] at ¶ 22.) Based on these factual allegations, Plaintiff claims that Defendant violated her following rights: (1) her rights under 42 U.S.C. §§ 1981, 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments by using excessive force; (2) her rights under 42 U.S.C. §§ 1981, 1983, 1985, and the Fourth, Fifth, and Fourteenth Amendments by failing to intervene in the use of excessive force; and (3) assault and battery under 28 U.S.C. §§ 2679 ("FTCA"). (*See generally* Dkt. No. 4 [Plf.'s Am. Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

### B.   Relevant Procedural Background

On April 1, 2016, Plaintiff's counsel filed a "Civil Rights Complaint" with the United States Department of Homeland Security's Office of Civil Rights and Civil Liberties ("DHS/CRCL"), alleging violation of her civil rights due to the wrongful conduct of CBP agents. (Dkt. No. 9 at ¶ 5 [Plf.'s Aff. in Response to Def.'s Motion to Dismiss].) On May 31, 2016, Plaintiff sent by U.S. mail a "Claim for Damage, Injury or Death Standard Form 95" ("SF-95") to DHS/CRCL. (*Id.* at ¶ 6.) Plaintiff did not submit an administrative claim to the CBP. (*Id.*)

On June 22, 2016, DHS/CRCL acknowledged receipt of Plaintiff's April 1, 2016, civil rights complaint "regarding the treatment of Jessica Cooke by employees of U.S. Customs and Border Patrol (CBP)." (*Id.* at ¶ 7.)  DHS/CRCL requested a signed authorization from Plaintiff allowing counsel to act on her behalf. (*Id.*)  Plaintiff's counsel forwarded Plaintiff's executed authorization on July 5, 2016. (*Id.*)

Having received no reply from DHS/CRCL with respect to the SF-95, Plaintiff commenced this action by filing her original Complaint on February 17, 2017. (Dkt. No. 1 [Plf.'s Coml.].)

Plaintiff's Complaint asserted claims against DHS, CBP, CBP Agent Chad Kenna, CBP Agent Nicole Martin, and one or more unidentified CBP agents. (*Id.*)  Summonses were issued for these entities and individuals (except for the John and Jane Doe Defendants) on February 27, 2017. (Dkt. No. 2 [Summonses].)

On March 1, 2017, Plaintiff filed an Amended Complaint that named the United States as a Defendant and appeared to abandon her claims against the aforementioned entities and individuals (at least in their individual capacities). (Dkt. No. 4, at Caption and ¶¶ 4-10 [Plf.'s Am. Compl.].)  On March 6, 2017, the Clerk's Office confirmed with Plaintiff's counsel that Plaintiff does not want to include the aforementioned entities and individuals as Defendants.  As a result, on March 30, 2017, Plaintiff filed an affidavit of service regarding only the United States. (Dkt. No. 7.)

Defendant filed its motion to dismiss on May 16, 2017. (Dkt. No. 8.)

3

### C.     Defendant's Motion

Generally, in support of its motion to dismiss, Defendant asserts three arguments: (1) Plaintiff's third claim is barred by the FTCA, because Plaintiff failed to file an administrative claim with the appropriate federal agency before filing suit; (2) Plaintiff's first and second claims (seeking relief for alleged constitutional violations) are barred by the doctrine of sovereign immunity and the FTCA, which permits recovery against Defendant for only tortious conduct; and (3) in the alternative, Plaintiff's first and second claims (which use federal statutes as the means by which to seek relief for alleged constitutional violations) are barred because (a) to the extent that she is basing her claims on 42 U.S.C. § 1983 and 42 U.S.C. § 1988, both of those statutes require that the CBP agents were acting under the color of state law, which they were not, (b) to the extent that she is basing her claims on 42 U.S.C. § 1981 and 42 U.S.C. § 1985, she is seeking to hold Defendant vicariously liable for the conduct of its employees under *Monell v. Department of Social Services*, 436 U.S. 658, 692-94 (1978), which applies only to municipalities, and (c) to the extent that she is asserting a Fourteenth Amendment claim under 42 U.S.C. § 1983, the Fourteenth Amendment applies only to states and state actors, which Defendant is not. (*See generally* Dkt. No. 8, Attach. 1 [Def.'s Memo. of Law].)

Generally, in response to Defendant's motion, Plaintiff asserts two arguments: (1) with regard to Defendant's first argument, the Court has subject-matter jurisdiction over Plaintiff's third claim, because she timely presented her administrative claim to the appropriate federal agency (specifically, by mailing a completed civil rights complaint to DHS/CRCL on April 1, 2016, mailing a completed Standard Form 95 or "SF-95" to DHS/CRCL on May 31, 2016, receiving an acknowledgment of receipt of her civil rights complaint by DHS/CRCL on June 22,

2016, and never subsequently receiving a notice that either of her claims had been transferred to DHS/CBP or returned to her); and (2) with regard to Defendant's second argument, Plaintiff agrees with Defendant that her first and second claims are barred by the doctrine of sovereign immunity and the FTCA, and consents to the dismissal of those claims. (*See generally* Dkt. No. 10 [Plf.'s Opp'n Memo. of Law].)

Generally, in its reply, Defendant asserts two arguments: (1) with regard to Defendant's first argument, Plaintiff concedes that she did not file her tort claim with DHS/CBP but sent a civil rights complaint to DHS/CRCL (which not only did not assert a tort claim but did not contain the necessary claim for money damages in a sum certain), and then (through the use of an incomplete address) mailed a completed SF-95 to DHS/CRCL, which office never acknowledged receipt of the SF-95, and which may not be presumed to have received the SF-95 given the express nature of the exhaustion requirement as a jurisdictional prerequisite; and (2) with regard to Defendant's second argument, to the extent that Plaintiff still argues that she has adequately pled the elements of her first claim (for excessive force under the Fourth Amendment) despite her consent to the dismissal of that claim, that argument should be rejected, because the United States has not rendered itself liable under the FTCA for constitutional torts. (*See generally* Dkt. No. 13 [Def.'s Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova,* 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III. ANALYSIS

#### A. Whether Plaintiff's Third Claim Should Be Dismissed Because Plaintiff Has Not Exhausted Her Administrative Remedies

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See*, *supra*, Part I.C. of this Decision and Order. To those reasons, the Court would add only the following analysis.

The Second Circuit has not yet decided the question of whether mere mailing of a notice of claim to the appropriate agency is sufficient. However, the majority of district courts in this circuit have held that a plaintiff must show proof that the agency actually received a claim in order to satisfy the FTCA's presentment requirement. *See*, *e.g.*, *Pinchasow v. United* States, 408 F. Supp. 2d 138, 143 (E.D.N.Y. 2006) (finding that plaintiff failed to satisfy the FTCA's presentment requirement despite proffering an affidavit that the notice of claim was timely sent by regular mail to the appropriate agency); *Vecchio v. United States*, 05-CV-0393, 2005 WL 2978699, at *5 (S.D.N.Y. Nov. 3, 2005) (finding no proof of receipt for a claim sent by regular mail and plaintiff did not conduct follow up); *Young v. United States*, 12-CV-2342, 2014 WL 1153911, at *8 (E.D.N.Y. Mar. 20, 2014) (finding no proof of receipt where plaintiff asserted in

his deposition that he mailed the handwritten claim by certified mail, but he had no receipt or other evidence of mailing); *Jaghama v. United States*, 11-CV-5826, 2013 WL 508497, at *2 (E.D.N.Y. Feb. 11, 2013) (finding no proof of receipt of a SF-95 claim where the plaintiff, outside of the briefings, did not provide evidence that the form was mailed or received); *Garland-Sash v. Lewis, et al.*, 05-CV-6827, 2007 WL 935013, at *6 (S.D.N.Y. Mar. 26, 2007), *aff'd in relevant part*, 248 F. App'x 639, 642-43 (2d Cir. 2009) (finding no proof of receipt because plaintiff had provided "only bald assertions that she submitted a notice of claim").

Here, Plaintiff submitted an affidavit indicating that the completed SF-95 was mailed to DHS/CRCL on May 31, 2016.  (Dkt. No. 9 at ¶ 6.)  Plaintiff contends that administrative claim was "presumably received" by DHS/CRCL.  (Dkt. No. 10 at 6.)  Plaintiff relies on *Meckel v. Cont'l Res. Co.*, 758 F.2d. 811, 817 (2d Cir. 1985), *Cordaro v. Lusardi*, 354 F. Supp. 1147, 1148-49 (S.D.N.Y. 1973), and *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238-39 (11th Cir. 2002), for the point of law that receipt may be presumed.

*Meckel*, a securities case regarding a mass-mailing of redemption notices to 190 appropriate debenture holders advising them of their option to convert their debentures into common stock by a certain date, is inapplicable to the present case which involves the mailing of an FTCA claim to the inappropriate office.

In addition, Plaintiff's reliance on *Cordaro* and *Barnett* is misplaced.  In *Cordaro*, the court held that proof of mailing an FTCA claim creates a rebuttable presumption of receipt.  354 F. Supp. at 1149.  However, *Cordaro* was decided more than forty years ago, and in the intervening years the Supreme Court has cautioned that the FTCA filing requirements are to be strictly construed and applied in favor of the Government in order to protect the sovereign

immunity of the United States from waiver in circumstances not contemplated by Congress. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed . . . in favor of the sovereign."). The Second Circuit has ruled consistently with the Supreme Court's holdings regarding FTCA cases. *See Keene v. United States*, 700 F.2d 836, 841 (2d Cir. 1983) (acknowledging that "because the FTCA constitutes a waiver of immunity, the procedures set forth in Section 2675 must be adhered to strictly"). Thus, the Court finds Plaintiff's reliance on *Cordaro* unpersuasive.

Lastly, in *Barnett*, the Eleventh Circuit held that proof of mailing created a rebuttable presumption of receipt of the plaintiff's claim. There, the plaintiff mailed his claim in an envelope supplied by the Government after the plaintiff mailed, and the Government received, an earlier, but inadequate, notice of claim. *Barnett*, 283 F.3d at 1237. The *Barnett* court explained as follows:

> The presumption of receipt is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business; and when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case . . . in determining the question whether the letters were actually received or not.

*Id.* at 1240 (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193-94 [1884]). In *Barnett*, the government provided three employee affidavits claiming that the letter was not received. However, none testified about the agency's procedures for processing incoming mail. *Id.* at 1241-42. It was only on this unique set of facts that the court held that the government had not rebutted the presumption of receipt to which the plaintiff was entitled.

Here, Plaintiff provides in her affidavit a copy of the cover letter and SF-95 mailed to DHS/CRCL on May 31, 2016. Plaintiff's FTCA claim was admittedly mailed to DHS/CRCL rather than DHS/CBP. Moreover, DHS/CRCL's address was incomplete in that it listed "Murray Lane, SW" and rather than the complete "245 Murray Lane, SW" that was provided on page five of the Civil Rights Complaint. (Dkt. No. 9.) While this evidence supports Plaintiff's assertion that a claim was prepared and mailed, there is no proof of actual receipt upon a government agency. Thus, the Government need not rebut the presumption of receipt. The Court holds that actual receipt by the agency is required, and finds that Plaintiff provided no evidence of actual receipt by the agency. Therefore, Plaintiff failed to exhaust her administrative remedies, and the Court does not have subject-matter jurisdiction over Plaintiff's third claim.

### B.   Whether Plaintiff's First and Second Claims Should Be Dismissed

The Court answers this question in the affirmative for the reasons stated in Defendant's memoranda of law. *See*, *supra*, Part I.C. of this Decision and Order. To those reasons the Court adds only two points.

First, in this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7,

2009) (Suddaby, J.) (collecting cases). Here, in her opposition memorandum of law, Plaintiff failed to oppose the third argument asserted by Defendant in its memorandum of law in chief. *See, supra,* Part I.C. of this Decision and Order. As a result, that third argument need possess only facial merit, which the Court finds it does. This third argument serves as an alternative ground upon which the Court may, and does, base its dismissal of Plaintiff's first and second claims.

Second, even if the Court were to find that Plaintiff has asserted claims against DHS, CBP, CBP Agent Kenna, CBP Agent Martin, and the John and Jane Doe Defendants in her Amended Complaint, the Court would dismiss those claims for failure to prosecute under Fed. R. Civ. P. 41(b), and/or failure to serve under Fed. R. Civ. P. 4(m).

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED**.

Dated: November 7, 2017
Syracuse, NY

/s/ Glenn T. Suddaby
Hon. Glenn T. Suddaby
Chief U.S. District Judge